JS 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUDELIA SANTOS and BERNARDINA TOVAR, individually and on behalf of other persons similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>NOBLE MANAGEMENT GROUP-CALIFORNIA, LLC; NOBLE INVESTMENT GROUP, LLC; NOBLE MANAGEMENT GROUP, LLC; and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants. | Case No.: 2:10-cv-02594-DSF-VBKx<br><br>CLASS ACTION<br><br>**ORDER:**<br><br>1. **CERTIFYING SETTLEMENT CLASS;**<br>2. **FINALLY APPROVING PROPOSED AMENDED SETTLEMENT;**<br>3. **AWARDING FEES AND COSTS; AND,**<br>4. **ENTERING JUDGMENT**<br><br>NOTE CHANGES BY COURT<br>Date Action Filed: February 25, 2010 |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

Plaintiffs GUDELIA SANTOS and BERNARDINA TOVAR ("Plaintiffs") and Defendant NOBLE MANAGEMENT GROUP-CALIFORNIA, LLC ("Defendant") have reached terms of settlement for a putative class action.

On June 24, 2011, this Court (1) certified a class for settlement purposes, (2) preliminarily approved the terms of the proposed class action settlement as fair, reasonable, and adequate, and (3) authorized notice to the settlement class of the terms of the proposed settlement.

Plaintiffs have now filed a motion for final approval of a class action settlement of the claims asserted against Defendant in this action, memorialized in the Joint Stipulation Of Class Action Settlement And Release Of Claims ("Settlement Agreement") (*see* October 11, 2011 Declaration of H. Scott Leviant In Support Of Plaintiffs' Motion For Final Approval Of Class Action Settlement, at Exh. 1). The Parties subsequently modified the release language set forth in the Settlement Agreement (*see*, October 11, 2011 Declaration of H. Scott Leviant In Support Of Plaintiffs' Motion For Final Approval Of Class Action Settlement, at Exh. 2) ("First Amendment to Settlement Agreement").

The Settlement Agreement provides that the Parties stipulate to certification of a Class for settlement purposes only. The Settlement Agreement is conditioned on, among other things, the Court's approval. Capitalized terms in this Order have the same meaning as in the Settlement Agreement unless indicated otherwise.

After reviewing the Settlement Agreement, the First Amendment to Settlement Agreement, the Revised Class Notice, the Declarations of Counsel regarding administration and valuation of the settlement and other related documents, and having heard the argument of Counsel for the respective Parties, **IT IS ORDERED AS FOLLOWS**:

1. The Court finds that the proposed class satisfies the requirements of a settlement class under Rule 23 of the Federal Rules of Civil Procedure. The

requirements of Rule 23(a) are satisfied because the proposed Class is so numerous that joinder of all Class Members is impracticable, there are questions of law or fact common to the Class, the claims of Plaintiffs are typical of the claims of the Class; and Plaintiffs will fairly and adequately protect the interests of the Class. The requirements of Rule 23(b) are satisfied because questions of law or fact common to Class Members predominate over any questions affecting only individual Class Members.

2. The Court grants final approval of the Settlement Agreement as it meets the criteria for final settlement approval. The settlement falls within the range of possible approval as fair, adequate and reasonable, appears to be the product of arm's-length and informed negotiations, and treats all Class Members fairly. The Court further finds that the Parties have conducted more than adequate investigation and research, and the attorneys for the Parties are able to reasonably evaluate their respective positions. The Court also finds that settlement at this time will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by the further prosecution of the action. The Court has reviewed the monetary recovery being granted as part of the settlement and recognizes the value accruing to the Settlement Class Members. The Court also finds that no objections were submitted and no requests for exclusion were received.

3. The Parties' notice plan was constitutionally sound because individual notices were mailed to all Class Members whose identities are known to the Parties, and such notice was the best notice practicable. The Class Notice was sufficient to inform Class Members of the terms of the Settlement, their rights under the Settlement, their rights to object to the Settlement, their right to receive a payment under the Settlement or elect not to participate in the Settlement, and the processes for doing so. The distribution of the Class Notice directed to the Settlement Class Members as set forth in the Settlement Agreement has been completed in

1  substantial conformity with the Preliminary Approval Order.  The Notice provided
2  due and adequate notice of the proceedings and of the matters set forth therein,
3  including the proposed settlement terms as set forth in the Settlement Agreement,
4  to all persons entitled to such notice.  The Class Notice fully satisfied the
5  requirements of due process, having been sent to all Settlement Class Members
6  who could be identified through reasonable effort, and was the best notice
7  practicable under the circumstances.

8      4.    The following persons are certified as Class Members solely for the
9  purpose of entering a settlement in this matter:

10     All room attendants employed in the State of California by
11     Defendant at any time from February 25, 2006 through September 10,
12     2010.

13     5.    Class Members are bound by the Settlement unless they submitted a
14 timely and valid written request to be excluded from the Settlement.  The Court
15 orders that Settlement Class Members who did not timely exclude themselves from
16 the Settlement set forth in the Settlement Agreement have released those claims
17 against Defendants as set forth in the Settlement Agreement.

18     6.    Having received no objections, and the time for submitting such
19 objections having past, the Court finds that no valid objections have been submitted
20 and no objections will be considered by the Court.

21     7.    The Court orders that Settlement Class Members who did not timely
22 object to the Settlement set forth in the Settlement Agreement are barred from
23 prosecuting or pursuing any appeal of the Court's Order Granting Final Approval to
24 the Settlement.

25     8.    Plaintiffs GUDELIA SANTOS and BERNARDINA TOVAR are
26 appointed the Class Representatives.  Dennis F. Moss, H. Scott Leviant and Linh
27 Hua of Spiro Moss LLP and Joseph Lavi and Nick Ebrahimian of Lavi &
28 Ebrahimian LLP are appointed Class Counsel.

9. The Settlement embodied in the Settlement Agreement is not an admission by Defendant nor is this Order a finding of the validity of any claims in the lawsuit or of any wrongdoing by Defendant. Neither this Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the terms of the Settlement Agreement, may be construed as, or may be used as an admission by or against Defendant of any fault, wrongdoing or liability whatever.

10. The previously-filed Motion for an Award of Attorney's Fees, and Costs was filed so as to satisfy the notice and objection opportunity required by *In re Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988 (9th Cir. 2010).

11. The Court finds that Class Counsel has represented Plaintiffs on a contingent-fee basis, and their efforts resulted in a reasonable recovery for the Class. Accordingly, the Court grants an award of attorney's fees and costs in the total amount of $7,441.25, to be paid to Class Counsel according to the terms of the JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS. The Court also finds that:

   (a) Although Plaintiffs' counsel failed to provide sufficient information to support the reasonableness of the hours or hourly rate claimed, based on its own experience and knowledge of rates in the community, the attorney's fees requested are reasonable;

   (b) Class Counsel has had substantial experience with the causes of action alleged in this action;

   (c) Class Counsel assumed risk when agreeing to litigate this matter.

12. The Court finds that GUDELIA SANTOS and BERNARDINA TOVAR provided services to the Class. Despite the Court's request, they provided no details of the time or effort expended. They were no longer employed by Defendant at the time the suit was filed, and do not attribute any lack of employment to the filing or prosecution of the suit. The release provided by the Class Representatives, however, is broader than that applicable to Class Members.

Accordingly, the Court awards enhancement payments of $ 1,750, to be paid to GUDELIA SANTOS and BERNARDINA TOVAR according to the terms of the Settlement Agreement.

13. The Court directs that the Clerk of the Court enter the Court's Order as a Final Judgment.

14. The Court orders that, without affecting the finality of the Final Judgment, it reserves continuing jurisdiction over the parties for the purposes of implementing, enforcing and administering the Settlement or enforcing the terms of the Judgment.

**IT IS SO ORDERED.**

Dated:  11/14/11

*/s/ Dale S. Fischer*

DALE S. FISCHER
UNITED STATES
DISTRICT JUDGE